**CEDARBURG FOX FARMS, INC., a Wisconsin corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 57-C-8.

United States District Court
E. D. Wisconsin.

July 31, 1959.

Harvey Peters, Milwaukee, Wis., for plaintiff.

Milton Carr Ferguson, Tax Department, Washington, D. C., Edward G. Minor, U. S. Atty., and Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

The plaintiff taxpayer, a Wisconsin corporation engaged in the business of fur fox ranching, reported as ordinary income on both its income tax and excess profits tax returns for the year 1944, the amount realized from the sale of pelts of breeder foxes which had been held in its breeding herd for more than six months. It filed timely claims for refund, disallowed by the defendant, in which it asserted that the gain realized from the sale of pelts of breeder foxes should have been reported as net long-term capital gain income in accordance with the provisions of Section 117(j) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 117(j). The taxpayer further asserted in its claims for refund that it was entitled to a deduction for depreciation of its breeding herd under the provisions of Section 23($l$) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 23($l$). This action to recover an alleged overpayment of taxes was commenced on January 8, 1957, pursuant to Title 28 U.S.C. § 1346, and has been submitted to the court on a complete stipulation of facts and briefs.

The stipulation filed by the parties discloses the following facts:

Young foxes, or pups, are born in the spring of each year. In the conduct of its business, the taxpayer maintains a breeding herd, selecting as breeders each

---

1. The factual background is set forth in a previous Opinion, United States v. Canale, 163 F.Supp. 445.

summer the best animals from the maturing crop. Foxes not selected as breeders are sent in late summer to furring regions in Northern Michigan and are killed and pelted in late November. Foxes selected as breeders are separated from the herd, placed in pens and kept as breeder stock, along with retained breeders from prior years until they are culled because no longer useful as breeders, or die. Separate records on breeders are maintained by the plaintiff except for a portion of the last day of the year, when the cost basis of breeders is transferred to a controlling inventory account. When breeders are culled, they are transported with the yearly crop to Northern Michigan, and, like that crop, are killed and pelted in late November. The average normal useful life of a fox as a breeder is five years.

In 1944, the plaintiff sold the pelts of 1518 breeders which had either been culled or had died. The income received from these sales, after deducting the cost of the breeders pelted, was reported by the plaintiff as ordinary taxable income and no allowance for depreciation was deducted.

The court has studied the stipulation and the briefs and is of the opinion that the plaintiff is entitled to capital gains treatment under Section 117(j) of the Internal Revenue Code of 1939, as amended, on the amount realized from the sale of pelts of breeder foxes held in its breeding herd for more than six months. Fact situations materially identical to that presently before the court have recently been considered by the United States District Court for the District of Minnesota, Third Division, in the case of Cook v. United States, 1958, 165 F.Supp. 212, and by the United States Tax Court in the case of Edwards v. Commissioner, 1959, 32 T.C. ——. Both courts held that the taxpayer was entitled to capital gains treatment on gains from the sale of pelts of culled breeding animals. We agree with the conclusions therein reached and the premises on which such conclusions were based. No useful purpose would be served by restating them here.

With regard to the taxpayer's claim that it is entitled to a deduction for depreciation on foxes used for breeding purposes under Section 23($l$) of the Internal Revenue Code of 1939, as amended, it is the opinion of this court that the salvage or pelt value must be recognized in determining depreciation. Since the plaintiff concedes that it can establish no depreciation deduction if the salvage value of the pelts must be recognized, plaintiff's claim for relief in this respect is denied.

Plaintiff shall prepare Findings of Fact and Conclusions of Law in accordance with this Memorandum Decision, and submit them to counsel for the defendant for approval as to form.